PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE M. CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
BERTHA JOHNSON

*Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCANDINAVIAN DESIGNS, INC.; HARVEY B. KAMENY; and DOES 1-10, Inclusive,<br><br>　　　　　Defendants. | Case No. C11-02111 JCS<br><br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

BRIAN MILLS (SB# 216078)
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626-7689
714/427-7000

Attorneys for Defendant
SCANDINAVIAN DESIGNS, INC.

SEAN A. COTTLE (SB# 146229)
GEOFFREY C. ETNIRE (SB# 60292)
HOGE FENTON JONES & APPEL
60 South Market Street, Suite 1400
San Jose, CA 95113
877/947-2490

Attorneys for Defendant
HARVEY B. KAMENY

1. Plaintiff BERTHA JOHNSON filed a Complaint on April 28, 2011, to obtain recovery of damages for her alleged discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants SCANDINAVIAN DESIGNS, INC. ("Scandinavian Designs") and HARVEY B. KAMENY ("Kameny")(together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of March 31, 2010, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 2101 Shattuck Ave., Berkeley, California (the "Facility").

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving all aspects of this Complaint without the need for protracted litigation.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with

-2-

this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT PAYMENT AND REMEDIAL MEASURES:**

5.   This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants that have arisen out of the Complaint or that relate to the Facility, whether or not they were raised in the Complaint.

6.   Within seven (7) business days after the entry of this Consent Decree by the Court, Defendants shall pay to Plaintiff the total sum of Thirty Seven Thousand Five Hundred Dollars ($37,500.00) ("the Settlement Payment"), which payment constitutes payment in full for any and all statutory or other damage awards to which Plaintiff might be entitled and all of Plaintiff's attorneys' fees, costs of litigation and experts' fees in this matter. The Settlement Payment shall be allocated as follows: $17,500 as damages to Plaintiff and $20,000 in attorneys' fees and costs to Plaintiff's counsel. The Settlement Payment shall be paid by two checks made payable to "Paul Rein in Trust for Bertha Johnson" as follows: $18,750 from Kameny and $18,750 from Scandinavian Designs. Plaintiff takes complete responsibility for any tax liability from the receipt of any settlement monies. An IRS 1099-MISC for 2011 will be issued to the Law Offices of Paul Rein for the Settlement Payment.

7.   The Parties agree and stipulate that the Defendants will undertake and perform their respective obligations identified below and listed in **Attachment A**, which is incorporated herewith (the "Remedial Measures"). The Remedial Measures will be performed in compliance with the standards and specifications

for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

      a)   **Remedial Measures:** The Parties agree that Kameny will undertake and perform the Remedial Measures identified as (1), (2), (5) and (6) in **Attachment A,** and the June 28, 2011 draft report by Kameny's architect George Dedekian, The Parties agree that Scandinavian Designs will undertake and/or continue to perform the Remedial Measures identified as (3), (4) and (7) to (14) in **Attachment A**.

      b)   **Timing of Injunctive Relief:** Defendants will submit plans for all Remedial Measures requiring permits to the appropriate governmental agencies within 60 days after the entry of this Consent Decree by the Court. Defendants will commence work within 30 days after receiving all necessary permits and approvals from the appropriate agencies. Defendants will complete all work within 120 days of commencement of work. Policy changes listed in **Attachment A,** including but not limited to changes articulated on page 4 of **Attachment A,** will be fully instituted within sixty (60) days after the entry of this Consent Decree by the Court. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days after discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. Defendants or their counsel will notify Plaintiff's counsel when all Remedial Measures are completed, and in any case will provide a status report to Plaintiff's counsel no later than 120 days after the entry of this Consent Decree by the Court.

CONSENT DECREE & ORDER
Case No. C11-02111 JCS

c) Defendants will notify Plaintiff in writing at the end of 120 days after the entry of this Consent Decree by the Court as to the current status of the Remedial Measures, and every 90 days thereafter until the Remedial Measures identified herein are completed. If Defendants fail to complete the Remedial Measures on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees from the specific Defendant who failed to comply with their obligations under this agreement. If the Parties disagree, such fees shall be set by the Court.

d) Plaintiff further agrees not to file other lawsuits or administrative claims related to alleged disabled access violations (including any violations of federal, state or local laws, regulations, statutes, or ordinances) relating to the Facility, which may accrue after the execution of this Consent Decree without giving Defendants written notice of the alleged violations and ninety (90) days to agree to cure any actual violations.

e) Defendants deny all allegations contained in the Complaint. The Parties expressly represent, understand and agree that this Consent Decree and Order are a compromise of disputed claims, and shall not be construed as an admission of liability by Defendants. Nor shall any acts, omissions, or statements by Defendants be construed as an admission of liability. Nothing contained in this Consent Decree and Order shall be admissible evidence in any judicial, administrative, or other legal proceeding (other than a proceeding for breaching this Consent Decree and Order or for any attorneys' fee motion in this action).

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order and **Attachment A** constitute the entire agreement between the Defendants and Plaintiff, and no other statement,

promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the relief described herein. This Consent Decree and Order is not intended to alter, amend, or modify any obligations contained in the operative lease agreement between Scandinavian Designs and Kameny. Plaintiff hereby agrees that Defendants' obligations under this Decree will completely resolve all of Plaintiff's claims against the Defendants in the Complaint or that relate to the Facility, whether or no they were raised in the Complaint. Plaintiff expressly waives any claims, complaints, demands and causes of action for any further, different or additional alterations or changes to the Facility, which could have been requested prior to the execution of this Consent Decree.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.   This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10.   Except for the obligations required in this Consent Decree and Order, Plaintiff, on behalf of herself and her agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges Defendants and all owners, landlords, tenants, subtenants, lessors, and lessees of the Facility, and any other entity (present, future, or former), known or unknown, whom Plaintiff might claim to be liable for the Facility, and as to all such persons or entities, including all of their respective predecessors, successors, assigns,

employees, agents, insurers, licensees, lessors, lessees, franchisees, franchisers, sureties, partners, members, principals, joint venturers, shareholders, officers, directors, managers, trustees, subsidiaries, parents, divisions, affiliates, individuals, attorneys, firms, representatives, insurance companies, reinsurance companies and third-party administrators, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Complaint.

11. Plaintiff understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, she will incur, suffer, or experience some further loss or damage with respect to the Complaint or the Facility that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for the specific obligations of Defendants set forth in this Consent Decree and Order, Plaintiff agrees that this Consent Decree and Order apply to all such further loss with respect to the Complaint, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by Plaintiff with respect to the Complaint or that relate to the Facility, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Plaintiff's Initials:

12. With the exception of the Complaint, Plaintiff acknowledges and agrees that she has no other pending lawsuit, administrative charge, or complaint against either of the Defendants in any court or with any governmental agency.

**DISMISSAL:**

13. Concurrently with the execution of this Consent Decree, Plaintiff and Defendants will execute a stipulation for dismissal of the entire Complaint and all parties with prejudice, which shall be delivered to counsel for Scandinavian Designs. Counsel for Scandinavian Designs may file the stipulation for dismissal after entry of this Consent Decree by the Court and confirmation of receipt of the Settlement Payment by Plaintiff's counsel.

**TERM OF THE JURISDICTION OF THE COURT:**

14. The Court shall retain jurisdiction of this Complaint to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent

1  Decree and Order may be signed in counterparts and a facsimile or electronic
2  signature shall have the same force and effect as an original signature.
3
4  **IN WITNESS WHEREOF,** the Parties have hereunto signed their names
5  on the day and year written below.
6  Dated: 9/29, 2011            PLAINTIFF BERTHA JOHNSON
7
8
9  _____
10                               BERTHA JOHNSON
11
12  Dated: _____, 2011         DEFENDANT SCANDINAVIAN DESIGNS, INC.
13
                                 By: _____
14
                                 Print name: Erling Eide
15
                                 Title: President
16
17
18  Dated: 10-4-, 2011           DEFENDANT HARVEY B. KAMENY
19
20
21  _____
                                 HARVEY B. KAMENY
22
23
    APPROVED AS TO FORM:
24
25  DATED: Sept. 29, 2011        LAW OFFICES OF PAUL L. REIN

26                               By: _____
27                                   Paul L. Rein
                                 Attorneys for Plaintiff
28
- 9 -

CONSENT DECREE & ORDER
Case No. C11-02111 JCS

1  Decree and Order may be signed in counterparts and a facsimile or electronic
2  signature shall have the same force and effect as an original signature.

3

4  **IN WITNESS WHEREOF,** the Parties have hereunto signed their names
5  on the day and year written below.

6  Dated: _____, 2011          PLAINTIFF BERTHA JOHNSON

7

8

9

10                               _____
11                               BERTHA JOHNSON

12  Dated: Oct. 7, 2011           DEFENDANT SCANDINAVIAN DESIGNS, INC.
13
                                  By: _[signature]_____
14
                                  Print name: Erling Eide
15
                                  Title: President
16

17

18  Dated: _____, 2011          DEFENDANT HARVEY B. KAMENY

19

20

21                               _____
                                  HARVEY B. KAMENY
22

23
    APPROVED AS TO FORM:
24

25

26

27

28

```
1                                            BERTHA JOHNSON

2  DATED: Oct 11, 2011                       SNELL & WILMER L.L.P.

3
4                                            By: /s/ Brian Mills
                                                 Brian Mills
5
                                             Attorneys for Defendant
6                                            SCANDINAVIAN DESIGNS, INC.

7
8  DATED: Oct 7, 2011                        HOGE FENTON JONES & APPEL

9
10                                           By: /s/ Geoffrey C. Etnire
                                                 Geoffrey C. Etnire
11
                                             Attorneys for Defendant
12                                           HARRY B. KAMENY
```

- 10 -

CONSENT DECREE & ORDER
Case No. C11-02111 JCS

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: __10/14__, 2011



_____
Honorable JOSEPH C. SPERO
United States Magistrate Judge

- 11 -

CONSENT DECREE & ORDER
Case No. C11-02111 JCS

# ATTACHMENT A

## ATTACHMENT A TO CONSENT DECREE AND ORDER

Johnson v. Scandanavian Designs, Inc, et al.

United States District Court, Northern District of California, Case No. C11-02111 JCS

*Draft 06/28/2011*
*Edited by G. Dedekian, Architect CASp*

### Proposed Upgrades / Barrier Removal

2101 Shattuck Avenue, Berkeley

(1) • Main entrance — Install power assisted door opener with actuator bars on both interior and exterior sides of the door. Note: The net clear opening of each door is 30 inches. Only one of the doors will be power operated.

Install a sign containing the International Symbol of Accessibility (ISA) that states: THIS DOOR PROVIDES ACCESS TO THE MAIN LEVEL AND CUSTOMER SALES DEPARTMENT.

(2) • Addison entrance — Install power assisted door opener that opens both doors simultaneously with actuator bars on both interior and exterior sides of the door.

Install a sign containing the International Symbol of Accessibility ISA that states: THIS DOOR PROVIDES ACCESS TO THE MEZZANINE ONLY. USE THE ACCESSIBLE ENTRY ON SHATTUCK AVENUE TO ACCESS THE MAIN LEVEL AND CUSTOMER SALES DEPARTMENT

Create ramp for access to mezzanine (see attached diagram A.1 dated 6.27.11).

(3) • Accessible Routes — Provide and maintain an accessible route that is a minimum of 36 inches wide connecting all customer areas on the main level. Provide and maintain an accessible route that is a minimum of 36 inches wide connecting all customer areas on the mezzanine level.

|       |                    |                                                                                                                                                                                                                                                                                      |
|-------|--------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       |                    | The 36 inch minimum is not required within the displays themselves. As an example, 36 inches minimum is not required between a coffee table and sofa. Employees shall be prohibited from placing furniture in a manner that obstructs this clear path of travel, except for temporary obstructions caused by cleaning, maintenance, repairs, reconstruction, display rearranging and/or remerchandising. |
| (4)   | Service counter    | Maintain existing disabled access counter (including the web and video access described below)                                                                                                                                                                                       |
| (5)   | Tactile signage    | Install throughout the store where required by the CBC or ADAAG                                                                                                                                                                                                                      |
| (6)   | Stairways          | Install compliant handrails on both sides throughout                                                                                                                                                                                                                                 |
|       |                    | Install 2" wide contrasting color stripes on all bottom treads and stair landing edges                                                                                                                                                                                               |
| (7)   | Inaccessible areas | For the merchandise in areas still remaining inaccessible, provide access to the merchandise through a detailed (and published) program, including such items as (a) desktop computer at service counter with accessible website, (b) policy to bring items on request to accessible areas, and (c) video viewing (see attached outline) |
| (8)   | Barriers           | Install clear signs at any and all barriers that will not be removed describing how access to that merchandise can be achieved (see above)                                                                                                                                           |
| (9)   | Public Restrooms   | Install a sign at the main customer sales area that states: THERE ARE NO PUBLIC RESTROOMS IN THIS BUILDING. Strictly enforce the no customer restroom policy                                                                                                                         |

*Draft 06/28/2011*



Draft – 6/27/2011

## Policy for Access to Store Merchandise for Customers with Disabilities

(10) Scandinavian Designs will post a sign with the ISA and stating "FOR ASSISTANCE WITH MERCHANDISE ON OTHER FLOORS PLEASE ASK TO SPEAK WITH A STAFF MEMBER." The sign will be posted: (1) at the stairs going up to the landing between the first floor and the mezzanine, (2) at the stairs going from the mezzanine to the second floor, and (3) at the stairs going from the first floor down to the basement.

(11) Scandinavian Designs will train store staff members on how to provide alternative services to customers with disabilities.

(12) Scandinavian Designs will maintain an accessible service desk labeled with the ISA and a computer terminal, where at, customers with disabilities may browse the intranet catalog of Scandinavian Designs merchandise. The intranet will show pictures and provide technical details of merchandise available.

(13) Scandinavian Designs will also provide customers with disabilities with other store browsing alternatives including:
   a. Being shown and/or provided with brochures and/or tear sheets of merchandise, when available.
   b. Being shown and/or provided with material samples (e.g. fabric and wood samples), when available.
   c. Having a video camera onsite to allow a customer with a disability to go on a virtual tour of another floor or to view certain furniture on another floor.

(14) Scandinavian Design employees will also provide assistance to customers with disabilities by moving furniture to allow further access to displays and/or by retrieving merchandise from other floors, if safe and feasible.

*Johnson v. Scandinavian Designs, Inc., et al.*
US District Court, Northern District of California, Case No.  C11-02111 JCS

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2011, I electronically filed the document described as **CONSENT DECREE AND [PROPOSED] ORDER** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- Catherine M. Cabalo    ccabalo@reinlawoffice.com
- Celia Louise McGuinness    cmcguinness@reinlawoffice.com
- Geoffrey C. Etnire    gce@hogefenton.com
- Paul Leslie Rein    reinlawoffice@aol.com, aclefton@reinlawoffice.com
- Sean Cottle scottle@aandb.com

Dated:  October 13, 2011            SNELL & WILMER L.L.P.

By:  /s/ Brian Mills
    Brian Mills
    Attorneys for Defendant
    Scandinavian Designs, Inc.

13225826.1                                                                                                   CERTIFICATE OF SERVICE